## POLK & HENSLEY *v.* COFFIN & SWAIN.

A stock-raiser is a competent witness to estimate the damage done to cattle by falling through a wharf.

Where the defendants held themselves out as public ferrymen : *Held,* that in an action against them for injuries to plaintiffs' cattle by the breaking of their wharf, error in the admission of proof of their ferry-license could not injure them, as they were responsible in any case.

A party in the actual possession of cattle at the time of injury, can maintain an action for an injury to them while in his possession.

The Court may allow, after the close of plaintiffs' evidence, the complaint to be amended by adding the name of another party plaintiff, if it does not affect the substantial rights of the parties.

APPEAL from the District Court of the Seventh Judicial District, Contra Costa County.

The facts appear in the opinion of the Court.

*John Currey* for Appellants.

The Court allowed the plaintiff, Polk, to prove by his witness, John Hensley, his opinion of the damage, in money, done to the cattle, as the mode of ascertaining the amount of damages sustained by such plaintiff.   To this mode of proving damages, the defendants' counsel objected.   The objection was overruled, and defendants excepted.

There is nothing in the case, showing that this witness was competent to determine the amount of damages; this was the province of the jury, upon evidence of facts.   By the ruling of the Court, the witness was substituted to the place of the jury, as to the damages sustained; and that, too, without disclosing the facts, if any existed, whereon his opinion was based.   The following cases are respectfully referred to, as containing the rule of law on this subject: Norman *v.* Wells, 17 Wend., 161–164; Sills *v.* Brown, 9 Car. & Payne, 601 ; The People *v.* Rector, 19 Wend., 576 ; Paige *v.* Hazard, 5 Hill, 603.

The record of ordinances of the city of Benicia, and also the record of a ferry-license granted to Coffin & Swain, by the board of supervisors of Contra Costa county, were improperly admitted in evidence ; because, first, it did not appear that the city of Be-

nicia, or the supervisors of said county, had the power to grant a lease, or ferry-license. Second, it did not appear that the defendants, or either of them, ever applied for or consented to take such lease, or ferry-license. Third, such evidence was incompetent to charge, or in any manner affect the defendants in said action, and was irrelevant to the matters at issue between plaintiff and defendants. Angell and Ames on Corp., §§ 631, 632.

The Court erred in refusing to grant the defendants' motion for a nonsuit, on the grounds specified, at the time of application.

The fourteenth section of the Practice Act requires, that of the parties to the action, those who are united in interest shall be joined as plaintiffs or defendants.

The evidence of the plaintiffs' principal witness disclosed, before the motion for a nonsuit was made, that the cattle belonged to J. W. Polk and Samuel J. Hensley.

The objection taken by the motion for a nonsuit to the maintenance of the action, the appellants submit, was valid, and required the Court to arrest the cause at that point.

The amendment allowed, after the testimony was entirely closed, the appellants insist, could not have cured the error of the denial of the motion for a nonsuit. If it could, then is it no longer a solecism, that one error may be cured by the commission of another more enormous than the first. Ringgold *v.* Haven, 1 Cal., 108; Dalrymple *v.* Hanson, ib., 128; Matin *v.* Brown, ib., 221.

The Court erred in allowing Samuel J. Hensley to be made a party plaintiff, after the testimony was closed.

The plaintiff, Polk, knew, before he commenced his action, as well as after the testimony was closed, that Hensley owned the cattle with him, and he was bound, at his peril, to commence the action in the names of the real parties in interest. It cannot be said that such an amendment was in furtherance of justice.

The course pursued by the Court, the appellants insist, was erroneous, for the following reasons: First, the counsel for plaintiff Polk had no authority from Hensley to make him a party plaintiff, and hence, if the verdict had been for the defendants, Hensley would not have been bound by it. Second, there was no issue joined between Polk and Hensley, as plaintiffs, and Coffin and Swain, as defendants. Third, the evidence, adduced on the trial, was in an action wherein Polk was sole plaintiff, and Coffin and Swain were defendants. Practice Act, § 390.

*Whitman & Wells* for Respondent.
No brief on file.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This action was commenced by Polk, as plaintiff, against the

defendants, to recover damages for injuries to plaintiff's cattle, occasioned by the breaking of the wharf of defendants, who were ferrymen at Benicia. After the close of the evidence for plaintiff, the Court permitted the complaint to be amended, by inserting the name of Hensley as co-plaintiff. Judgment was rendered for plaintiffs, and defendants appealed.

The appellants assign, as error: First, permitting a witness for the plaintiff to testify as to his estimate of the damage done to the cattle. Second, the admission of the ordinances of the city of Benicia, and the record of the defendants' ferry-license from Contra Costa county. Third, the refusal to nonsuit plaintiffs.

We do not think any of the points well taken.

The witness, Hensley, testified that his business was that of a stock-raiser, and, therefore, he was capable of forming an accurate judgment as to the actual injury sustained by the stock, and the consequent depreciation in their value.

As to the second point, if we admit that it was not shown that the city of Benicia, or the supervisors of Contra Costa, had power to grant a ferry-license, or that defendant had ever applied for or received a ferry-license, we cannot see how the defendants were injured by the admission of the evidence.

It was proven, that defendants held themselves out as public ferrymen, and were accustomed to convey persons and property across the straits, for hire; and, so far as the rights of plaintiffs were concerned, it was immaterial whether or not they were duly authorized to run such ferry. If they were assuming to act as ferrymen, without license, they could not take advantage of their own wrong to avoid the responsibility which attached to their calling.

The motion for a nonsuit was based upon a variance between the allegations of the complaint, and the evidence as to the ownership of the cattle. We think the variance was not fatal. The complaint charged that Polk was the owner of the cattle, whilst the evidence showed that they were owned jointly by Polk and Hensley. Polk was in the actual possession of the cattle at the time of the injury, and was entitled to maintain an action for any injury to them while in his possession.

It is always in the power of the Court to allow an amendment to a complaint, so it does not affect the substantial rights of the parties; and, except there is evidence of a gross abuse of discretion in the exercise of this power, it is no ground for the reversal of the judgment.

If defendants were surprised by the amendment, and found it necessary to adopt a different line of defence in consequence of it, they would have been entitled to a continuance, in order to prepare for their defence. But it does not appear that the

merits of the case, or the liability of the defendants, were at all changed by the amendment.

Judgment affirmed, with ten per cent. damages and costs.